**The below described is SIGNED.**

**Dated: August 11, 2009**  _____
**JUDITH A. BOULDEN**
**U.S. Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>ROGER SCOTT BRYNER,<br><br>Debtor. | Bankruptcy Number: 07-23795<br><br>Chapter 13 |
| ROGER SCOTT BRYNER,<br><br>Plaintiff,<br><br>v.<br><br>XILINX, INC.,<br><br>Defendant. | Adversary Proceeding No. 08-2034<br><br>Judge Judith A. Boulden |

**MEMORANDUM DECISION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING DEBTOR'S CROSS MOTION FOR PARTIAL SUMMARY DISPOSITION, AND DISMISSING ADVERSARY PROCEEDING**

Before the Court are two motions: Defendant Xilinx, Inc.'s (Defendant) Motion for Summary Judgment (Defendant's Motion) and Plaintiff Roger Bryner's (Debtor) Cross Motion for Partial Summary Disposition (Debtor's Cross-Motion).[1] Both motions request that the Court

---

[1] Although the Debtor did not file a separate response to the Defendant's Motion, the Court has treated the Debtor's Cross-Motion as both an independent motion for summary judgment and a response to the Defendant's Motion.

determine whether certain acts or omissions by the Defendant constituted willful violations of the automatic stay under 11 U.S.C. § 362(k).[2]

The Court took oral argument on the Motions at a hearing on July 13, 2009, and then took the matters under advisement. The Court has thoroughly reviewed the pleadings, considered the parties' arguments, and conducted an independent inquiry into applicable case law. Now being fully advised, the Court hereby issues the following Memorandum Decision.

## I. FACTS

The material facts in this adversary proceeding are undisputed.[3] The law firm of Cohne, Rappaport and Segal, P.C. (CRS) obtained a judgment against the Debtor in October 2006 and began to enforce that judgment through Writs of Continuing Garnishment issued by the Third District Court. Under such Writs of Continuing Garnishment, the Defendant as the Debtor's employer garnished a total of $9,332.73 between April 13, 2007 and August 15, 2007 that was still in the Defendant's possession as of the Debtor's chapter 13 petition date of August 16, 2007. The Debtor and CRS disputed entitlement to the garnished funds, and the Defendant continued to hold the garnished funds postpetition, transferring them neither to the Debtor nor to CRS.

---

[2] Future statutory references are to title 11 of the United States Code unless otherwise noted.

[3] Along with vague references in the Amended Complaint to the Defendant's alleged postpetition actions forcing the Debtor to continue with the garnishment objection process, the Debtor's Cross-Motion alleges in ¶ 12 that "Defendant Xilinx through it's [sic] employee Tabitha Rose, after being notified by telephone of the bankruptcy stay, required Roger Bryner to file the objection in state court and refused to turn over the funds to Defendant [sic]." The Debtor provided no support for any of these allegations other than his unsworn and opposed statement on the record at the July 13, 2009 hearing that Ms. Rose told him on the petition date that he should continue with the garnishment objection process anyway despite the bankruptcy case having been filed. Accordingly, the Court has not considered any such allegations in connection with either of these Motions, and the material facts are therefore deemed to be undisputed.

The Debtor obtained an Order Staying Garnisment [sic] Due to Bankruptcy dated October 26, 2007 from the Third District Court which provided that "[a]ll garnishments by [CRS and Emily Smoak] are canceled effective August 16th 2007. Funds collected prior to that date are in the jurisdiction of the bankruptcy court. The parties and Xilinx corporation may obey any order of the bankruptcy court without regard to prior orders [of] this court."

Although the Defendant never attempted to interplead the garnished funds with this Court, the Defendant did attempt to transfer the funds to the chapter 13 trustee in December 2007;[4] however, the chapter 13 trustee refused to accept the funds.[5] The Defendant continued to hold the funds through (1) a claim objection proceeding involving the Debtor and CRS that was resolved only a few days before dismissal of the Debtor's chapter 13 case but that did not ultimately determine the parties' respective rights to the garnished funds; (2) the dismissal of the underlying chapter 13 case on March 20, 2008; and (3) subsequent state court proceedings finally resolving the competing claims to the garnished funds in July 2008. Following such resolution, the Defendant promptly turned over the garnished funds as directed by the parties and the Third District Court. [6]

---

[4]  The Defendant also terminated the Debtor's employment in December 2007.

[5]  The Debtor filed six different chapter 13 plans between the petition date and dismissal of the case, all of which provided in one way or another that the disputed funds would be contributed to the plan for payment to creditors. A seventh plan providing for payment of the disputed funds directly to CRS was withdrawn.

[6]  The Third Cause of Action in the Amended Complaint also alleges stay violations by the Defendant based on a dispute over the return of property allegedly owned by the Defendant after termination of the Debtor's employment. The Debtor has not attempted to raise any issue with respect to this part of the Defendant's Motion. Accordingly, the Court will not set forth the relevant material facts of this property dispute but will simply indicate that those facts are undisputed and that summary judgment in the Defendant's favor will be granted on this issue.

## II. DISCUSSION

The Court has jurisdiction under 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2), and the Court may enter a final order.[7]

Federal Rule of Civil Procedure 56(c), incorporated into this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056, makes summary judgment appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[8] In applying this standard, the Court "examine[s] the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party."[9] There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party,"[10] and "conclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment."[11] Summary judgment must issue against a party when that party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden

---

[7] The Debtor's main chapter 13 case was dismissed on March 20, 2008, but the Court retained jurisdiction over the stay violation claims in the Third Cause of Action in the Amended Complaint because such claims are properly heard by this Court. *Johnson v. Smith (In re Johnson)*, --- F.3d ----, 2009 WL 2386142 (10th Cir. 2009) (*"Johnson II"*).

[8] FED. R. CIV. P. 56(c).

[9] *T-Mobile Cent., LLC v. Unified Gov't of Wyandotte County, Kansas City, Kan.*, 546 F.3d 1299, 1306 (10th Cir. 2008) (internal quotes omitted).

[10] *Weigel v. Broad*, 544 F.3d 1143, 1157 (10th Cir. 2008) (*quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)) (internal quotes omitted).

[11] *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 (10th Cir. 2003) (internal quotes omitted).

of proof at trial."[12]

Local Rule 7056-1(a) requires that "[a] memorandum in support of a motion for summary judgment must begin with a section that contains a concise statement of material facts as to which movant contends no genuine issue exists. The movant must number the factual statements and refer with particularity to the portions of the record supporting the motion."[13] A party opposing a proper summary judgment motion "may not rely merely on allegations or denials in its own pleadings; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial."[14] In turn, Local Rule 7056-1(b) requires that "[t]he responding party must number each disputed fact, refer with particularity to the portions of the record upon which the party relies, and, if applicable, state the paragraph number of movant's disputed fact. Material facts of record that are set forth with particularity in movant's statement of facts and that meet the requirements of Fed. R. Bank. P. 7056 are admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party."[15]

Finally, § 362(k) provides that "an individual injured by any willful violation of a stay

---

[12] *U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 944 (10th Cir. 2008) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)) (internal quotes omitted).

[13] Local Rule of Practice 7056-1(a) of the United States Bankruptcy Court for the District of Utah.

[14] FED. R. CIV. P. 56(e)(2).

[15] Local Rule of Practice 7056-1(b) of the United States Bankruptcy Court for the District of Utah. Again, whether viewed as part of the response to the Defendant's Motion or as part of the support for the Debtor's Cross-Motion, the allegations that the Defendant required the Debtor to continue postpetition with the garnishment objection process are wholly without support and are therefore insufficient for the Court to consider on summary judgment. *See supra* n. 3.

provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."[16]  "[I]n order to demonstrate a violation of § 362(k)(1), the [D]ebtor bears the burden of establishing, by a preponderance of the evidence, that the [Defendant] knew of the automatic stay and intended the actions that constituted the violation; no specific intent is required."[17]  The Debtor failed to identify which subsections of § 362(a) the Defendant allegedly violated in either the Amended Complaint or the Debtor's Cross-Motion. [18]

As stated at the hearing on the Motions, the Debtor's essential substantive argument is that the Defendant's alleged stay violations were effectively demonstrated by the Third District Court's October 26, 2007 garnishment cancellation Order and/or the July 2008 Order and are "at [their] heart an issue of state law. . . because the garnishments were under state law."[19]  But the automatic stay is a unique creation of the Bankruptcy Code.  And although property rights are generally determined by reference to state law, stay violation determinations under § 362(k) are core proceedings involving questions of federal law.[20]  Indeed, that is a major reason that this

---

[16]    11 U.S.C. § 362(k)(1).

[17]    *Johnson v. Smith (In re Johnson)*, 501 F.3d 1163, 1172 (10th Cir. 2007) (*"Johnson I"*).

[18]    This alone could be considered a sufficient basis for granting the Defendant's Motion and denying the Debtor's Cross-Motion.  It is not this Court's role to craft the Debtor's analyses or arguments, and the Debtor cannot "make a showing sufficient to establish the existence of an element essential to [his] case" without clarifying what elements of § 362(a) are at issue.

[19]    As phrased in the Debtor's Cross-Motion, the Debtor's argument is that "it is a violation of the Automatic Stay to not return the funds garnished after he declared bankruptcy, when under Utah law the garnishments were canceled by the filing."

[20]    *See, e.g.*, *Koffman v. Osteoimplant Tech., Inc.*, 182 B.R. 115, 125-27 (D. Md. 1995).

Court determined in June 2008 that it should retain jurisdiction over the Debtor's stay violation claims even though the underlying chapter 13 case had been dismissed.[21]  The Court is not aware of any cases in which a garnishee's postpetition retention of funds garnished prepetition pending resolution of a dispute over entitlement to those funds was held to constitute a stay violation under any subsection of § 362(a), nor does the Court believe that a stay violation occurred at any point in this case — particularly in light of the fact that the dispute over entitlement to the funds outlived the underlying chapter 13 case.[22]

But even if state law governed this action, the Defendant acted in accordance with Utah law and all court orders.  If objections to a garnishment are timely and appropriately lodged, Rule 64D(i) of the Utah Rules of Civil Procedure requires a garnishee such as the Defendant to "retain the property" and comply with court orders until such objections are resolved.[23]  Furthermore, "[a] garnishee who acts in accordance with this rule, the writ or an order of the court is released from liability, unless answers to interrogatories are successfully controverted."[24]  The Writ of Continuing Garnishment itself warns garnishees that "[i]f you do receive a Reply and Request for Hearing, you must hold the property until you receive further orders from the court directing you how to proceed.  If you fail to take [this and other] steps, the court may hold you liable for the value of the property you should have withheld."  The Third District Court's October 26, 2007

---

[21]    *See generally "Johnson II".*

[22]    As indicated in the Court's March 31, 2008 Order Related to Debtor's Objection to Claim No. 15 of Cohne, Rappaport & Segal, P.C., "any attempt to avoid CRS's asserted interest [in the garnished funds] or lien thereto must be adjudicated in a formal adversary proceeding."

[23]    UTAH R. CIV. P. 64D(i).

[24]    UTAH R. CIV. P. 64D(j)(1).

Order indicated that "[f]unds collected prior to [the petition date] are in the jurisdiction of the bankruptcy court. The parties and Xilinx corporation may obey any order of the bankruptcy court without regard to prior orders [of] this court." And although strictly irrelevant to this action, the Defendant even promptly complied with the post-dismissal state court orders that finally resolved the issue of entitlement to the garnished funds. Short of filing an interpleader action under Federal Rule of Bankruptcy Procedure 7022, the Defendant did everything that could be expected of it under either state or federal law.[25]

It must be remembered that this is not a case where a party has failed to cease garnishing funds postpetition, to halt postpetition garnishment proceedings, or to return funds that were garnished postpetition; this case involves only a garnishee's postpetition retention of funds garnished prepetition pending resolution of the parties' dispute over entitlement to those funds.[26] Accordingly, and in light of the definition announced in the Tenth Circuit's controlling *"Johnson I"* decision, the Court finds that the Defendant has not committed a willful violation of the automatic stay under § 362(k)(1).[27]

---

[25] Of course, the Defendant attempted to transfer the garnished funds to the chapter 13 trustee pending resolution of the dispute between the Debtor and CRS, but the trustee refused to accept them. And the Court is not aware of any cases requiring that an interpleader action be filed under these circumstances, nor is it clear that such an action would have been sufficiently responsive to the Debtor's arguments regarding the Defendant's alleged stay violations in any event.

[26] *Cf. Lawrence Athletic Club v. Scroggin (In re Scroggin)*, 364 B.R. 772 (10th Cir. BAP 2007) (holding that creditor's postpetition failure to release garnishment constituted a stay violation); *Larson v. Olympic Fin. Co. (In re Larson)*, 21 B.R. 264 (Bankr. D. Utah 1982) (holding that certain garnishments were avoidable preferences and discussing the general procedure for garnishments in Utah under a prior version of Rule 64D).

[27] But even if the Defendant did commit a willful violation of the automatic stay, the Debtor has not articulated in the Amended Complaint or otherwise what actual damages he sustained given that the total amount of the garnished funds was ultimately transferred as directed by the parties and the Third District Court in July 2008 after final resolution of the dispute. The Court can also discern

### III. CONCLUSION

For the foregoing reasons, the Court holds that the Defendant's postpetition retention of the garnished funds under the circumstances of this case did not constitute a violation of the automatic stay. Accordingly, the Defendant's Motion is GRANTED, the Debtor's Cross-Motion is DENIED, and this adversary proceeding is DISMISSED. The Court will issue an accompanying Order to this effect.

--------------------------------End of Document-----------------------------------

---

no possible basis for punitive damages.

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING DEBTOR'S CROSS MOTION FOR PARTIAL SUMMARY DISPOSITION, AND DISMISSING ADVERSARY PROCEEDING** will be effected through the Bankruptcy Noticing Center to each party listed below.

Roger Bryner
1037 Watercress Lane #2X
Midvale, UT  84047
    *Pro se Plaintiff*

Richard D. Flint
Holme, Roberts & Owen
299 South Main Street, Suite 1800
Salt Lake City, UT  84111-2263
    *Counsel for Defendant*